IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KENDRA ROSS, | ) |
| *Plaintiff/Judgment Creditor*, | ) |
| v. | ) Case No. 4:18-mc-9025 |
| | ) Related Case in the United States |
| | ) District Court for the District of |
| | ) Kansas: Case No. 2:17-cv-02547- |
| | ) DDC-TJJ |
| ROYALL JENKINS, THE VALUE CREATORS, INC. f/k/a THE UNITED NATION OF ISLAM, INC., THE VALUE CREATORS LLC and THE VALUE CREATORS INC. | ) |
| *Defendants/Judgment Debtors*. | ) |

**JUDGMENT CREDITOR'S SUPPORTING SUGGESTIONS IN SUPPORT OF MOTION TO TRANSFER MOTION TO COMPEL NON-PARTIES EPHRAIM J. WOODS, JR., GRIEGORY L. MOTEN, ATIF ABDEL-KHALIQ, AND MARVIN L. MCINTOSH TO APPEAR FOR DEPOSITIONS[1]**

Plaintiff/Judgment Creditor Kendra Ross, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 45(f), submits these Supporting Suggestions in support of her Motion to Transfer the Motion to Compel Non-Parties Ephraim J. Woods, Jr. ("Woods"), Griegory L. Moten ("Moten"), Atif Abdel-Khaliq ("Abdel-Khaliq"), and Marvin L. McIntosh ("McIntosh") (collectively, the "Non-Parties"), in which she requests that this Court transfer her

---

[1] Pursuant to Local Rule 37.1, counsel for Judgment Creditor confirms that he has in good faith attempted to confer via telephone with both Judgment Debtors and the Non-Parties regarding the filing of this Motion. Counsel for Judgment Creditor has not received any response from Judgment Debtors, Woods, Moten, or McIntosh. Counsel for Judgment Creditor spoke to Mr. Abdel-Khaliq over the telephone on January 9, 2019, and Mr. Abdel-Khaliq stated that he had no comment on the matter.

November 27, 2018 Motion to Compel Non-Parties Woods, Moten, Abdel-Khaliq, and McIntosh ("Motion to Compel") to the United States District Court for the District of Kansas (the "Issuing Court"), where the underlying litigation related to the subpoenas is pending before the Honorable Judge Daniel D. Crabtree in Case No. 2:17-cv-02547-DDC-TJJ (the "Action").[2] In support of this Motion, Judgment Creditor states as follows.

## RELEVANT BACKGROUND

On or around October 30, 2018, Judgment Creditor issued Subpoenas to Testify at a Deposition in a Civil Action to Woods, Moten, Abdel-Khaliq, and McIntosh pursuant to Rules 45 and 69 of the Federal Rules of Civil Procedure in the Action (the "Subpoenas"). The Subpoenas each specified that the Non-Parties were required to appear for depositions at Stinson Leonard Street, located on the Missouri side of Kansas City (1201 Walnut Street, Suite 2900, Kansas City, MO 64106) and provided dates for those depositions. As described in more detail in the Motion to Compel, Woods, Moten, Abdel-Khaliq, and McIntosh each failed to appear at the times and places specified in the Subpoenas, and have not adequately responded to the Subpoenas. *See* Case No. 4:18-mc-9025-HFS, ECF Nos. 1, 2.

On November 27, 2017, Judgment Creditor filed the Motion to Compel with this Court, requesting that that this Court compel the Non-Parties to testify at a deposition in relation to the Action. *See* Case No. 4:18-mc-9025-HFS, ECF Nos. 1, 2. Concurrently with the Motion to Compel, Plaintiff/Judgment Creditor also filed a Motion for Order to Show Cause Why Non-Parties Woods, Moten, Abdel-Khaliq, and McIntosh Should Not Be Held in Contempt of Court

---

[2] Judgment Creditor brings this motion on an emergency basis because the prompt resolution of this discovery dispute is essential in light of the upcoming January 25, 2018 hearing scheduled on these very issues. *See* Case No. 2:17-cv-02547-DDC-TJJ, ECF No. 131. Judgment Creditor respectfully requests that the Court shorten the typical schedule for written motions set forth in Local Rule 7.0(c) and expedite its ruling on this matter.

("Motion for Order to Show Cause") with the Issuing Court. *See* Case No. 2:17-cv-02547-DDC-TJJ, ECF Nos. 112, 113. On November 29, apparently in response to the Motion for Order to Show Cause, Woods, Moten, and McIntosh each filed a "Response" with the Issuing Court. *See* Case No. 2:17-cv-02547-DDC-TJJ, ECF Nos. 114-117.

On January 4, 2019, Judge Crabtree issued a Memorandum and Order ruling on various issues in the Action. *See* Case No. 2:17-cv-02547-DDC-TJJ, ECF No. 131. Relevant to this Motion to Transfer, Judge Crabtree ordered Woods, Moten, Abdel-Khaliq, and McIntosh to file a written response to the Motion for Order to Show Cause no later than January 18, 2019, and set a hearing for January 25, 2019 to consider the Motion. *See* Case No. 2:17-cv-02547-DDC-TJJ, ECF No. 131. In his Memorandum and Order, Judge Crabtree recognized the Motion to Compel filed in this Court, noting "the Missouri court hasn't transferred the motion." *See* Case No. 2:17-cv-02547-DDC-TJJ, ECF Nos. 131 p. 6, n.3.

**LEGAL STANDARD**

Fed. R. Civ. P. 45(f) provides that in cases such as this where "the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." In other words, this Court may transfer the Motion to Compel to the Issuing Court either upon consent or if the Court finds exceptional circumstances. "Courts have recognized that exceptional circumstances exist warranting transfer of subpoena-related motions 'when transferring the matter is in "the interests of judicial economy and avoiding inconsistent results."'" *Google, Inc. v. Digital Citizens Alliance*, No. 15-mc-00707 JEB/DAR, 2015 U.S. Dist. LEXIS 103156, at *7 (D.D.C. July 31, 2015) (citation omitted); *see also Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) (holding that for a Rule 45(f) motion to transfer, factors include the "complexity,

3

procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation"). The Court should balance the factors favoring transfer against any burden that might exist to the Non-Parties by virtue of having compliance issues ruled on by the Issuing Court. *Judicial Watch*, 307 F.R.D. at 34-35.

As the Advisory Committee notes on Rule 45(f) explain, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45 (Advisory Committee Notes—2013 Amendment). "When considering transfer, the court's prime concern 'should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.'" *See Warkins v. Piercy*, No. 4:16-mc-00324 JAR, 2016 WL 3683010 (E.D. Mo. July 12, 2016) (quoting Fed. R. Civ. P. 45 (Advisory Committee Notes—2013 Amendment)). Transfer is appropriate when "the interest in avoiding disruption to the issuing court's management of the underlying ligation outweighs the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45 (Advisory Committee Notes—2013 Amendment).

**ARGUMENT**

Transfer of the Motion to Compel to the District Court of Kansas under Rule 45(f) is appropriate and warranted for several reasons.

First, the Issuing Court has a substantial interest in managing the underlying litigation. The Action has been ongoing before Judge Crabtree for over a year, and the Issuing Court is familiar with the facts of the case and the Non-Parties. The Issuing Court is aware of this Motion to Compel, and the related subpoenas are currently at issue before the Issuing Court. On January 4,

4

2019, Judge Crabtree ordered Woods, Moten, Abdel-Khaliq, and McIntosh to submit written responses to Judgment Creditor's Motion for Order to Show Cause related to the Non-Parties' failure to comply with the Subpoenas.  *See* Case No. 2:17-cv-02547-DDC-TJJ, ECF No. 131. Judge Crabtree further ordered the Non-Parties to appear before the Issuing Court on January 25, 2019 to consider the Motion for Order to Show Cause and related issues.  *See* Case No. 2:17-cv-02547-DDC-TJJ, ECF No. 131.   The proceedings before the Issuing Court could become duplicative of any further proceedings before this Court.

District courts have ordered transfers under Rule 45(f) in similar circumstances.  *See, e.g., Cont'l Auto. Says., U.S., Inc. v. Omron Auto. Elec., Inc.*, No. 14 C 3731, 2014 WL 2808984, at *2 (N.D. Ill. June 20, 2014) (ordering transfer due to risk of inconsistent rulings that might disrupt management of the underlying litigation); *Wultz v. Bank of China, Ltd.*, MC 13-1282 (RBW), 2014 WL 2257296 (D.D.C. May 20, 2014) ("Due to the highly complex and intricate nature of the underlying litigation, Judge Scheindlin is in a better position to rule on the intervenors' motion to quash or modify the subpoena due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation."); *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D 426, 429-30 (N.D. Cal. 2014) (transferring motion because issuing court had already ruled on the disputed issue); *Valle del Sol, Inc. v. Kobach*, No. 14-mc-219-JAR, 2014 WL 3818490, at *3-4 (D. Kan. Aug. 4, 2014) (same). Indeed, it is common for courts to transfer subpoena-related motions when the issuing court is or already has considered related issues in the case pending before it.  *See Chem-Aqua, Inc. v. Nalco Co.*, No. 3:14-mc-71-D-BN, 2014 U.S. Dist. LEXIS 80630, at *9 (N.D. Tex. June 13, 2014) (finding the "interests in having the issuing court resolve the discovery issues presented by the pending subpoena-related motions outweigh [the non-party's] interests in obtaining local

resolution"); *Fed. Deposit Ins. Co. v. Everest Reinsurance Holdings, Inc.*, No. 13 Misc. 381 (KPF), 2014 U.S. Dist. LEXIS 8506, at *6-*7 (S.D.N.Y. Jan. 23, 2014) (pending motion to compel in the issuing court militates in favor of transfer); *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) (noting "[w]hen the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court"). Transfer under these circumstances is warranted to "avoid inconsistent outcomes and for purposes of judicial economy." *FTC v. A+ Fin. Ctr., LLC*, No. 1:13-mc-50, 2013 U.S. Dist. LEXIS 172472, at *9 (S.D. Ohio Dec. 6, 2013).

Lastly, a transfer would not be burdensome on the Non-Parties. Here, the Issuing Court is a less than five (5) miles from this Court. Similarly, Stinson Leonard Street, where the Non-Parties were ordered to appear for depositions, is approximately three (3) miles from the Issuing Court. Furthermore, each of the Non-Parties known addresses are in Kansas City, Kansas, the location of the Issuing Court. Indeed, the Issuing Court's substantial interest in managing the underlying litigation outweighs any minimal burden the Non-Parties may face as a result of the transfer. Accordingly, a transfer to the Issuing Court would not burden the Non-Parties.

## CONCLUSION

For the foregoing reasons, Judgment Creditor respectfully requests that the Court transfer her Motion to Compel Non-Parties Ephraim J. Woods, Jr., Griegory L. Moten, Atif Abdel-Khaliq, And Marvin L. Mcintosh to Appear for Depositions to the United States District Court for the District of Kansas.


Dated: January 10, 2018                     Respectfully submitted,

                                            By: */s/ R. Kent Warren*
                                                  R. Kent Warren

6

Mo Bar. No. 59567
McGuireWoods LLP
201 N. Tryon St., Ste 3000
Charlotte, NC 28202
(704) 343-2365
(704) 805-5081 (fax)
kwarren@mcguirewoods.com

*Attorney for Plaintiff/Judgment Creditor*

7

## **CERTIFICATE OF SERVICE**

I certify that on this 10th day of January, 2019, I sent a true copy of this filing to the defendants at the addresses listed below via first class mail, postage pre-paid:

Royall Jenkins
2111 North 10th Street
Kansas City, Kansas 66104-9998

The Value Creators Inc.
Attn: Griegory Moten, Registered Agent
1121 Quindaro
Kansas City, Kansas 66104

The Value Creators, LLC
Attn: Griegory Moten, Registered Agent
1121 Quindaro
Kansas City, Kansas 66104

The Value Creators, Inc. f/k/a The United Nation of Islam, Inc.
Attn: Griegory Moten, Registered Agent
1121 Quindaro
Kansas City, Kansas 66104

The Value Creators Inc.
120 SW 10th  Ave.
Kansas Secretary of State
Topeka, KS 66612

The Value Creators, LLC
120 SW 10th  Ave.
Kansas Secretary of State
Topeka, KS 66612

The Value Creators, Inc. f/k/a The United Nation of Islam, Inc.
120 SW 10th  Ave.
Kansas Secretary of State
Topeka, KS 66612

Dated: January 10, 2019          /s/ R. Kent Warren
                                                  R. Kent Warren
                                                  Mo Bar. No. 59567
                                                  McGuireWoods LLP
                                                  201 N. Tryon St., Ste 3000
                                                  Charlotte, NC 28202
                                                  (704) 343-2365
                                                  (704) 805-5081 (fax)
                                                  kwarren@mcguirewoods.com

                                                  ***Attorney for Plaintiff/Judgment Creditor***